**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASTENJOHNSON,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 03-1552** |
| | : | |
| **COLUMBIA CASUALTY CO., et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

**Stengel, J.** **June 22, 2006**

## I. Background

AstenJohnson is seeking a declaration by this court that the defendants should provide insurance coverage for asbestos-related claims. The central issue involves the interpretation and enforceability of an asbestosis exclusion in a number of insurance policies purchased by plaintiff from defendants.[1] Plaintiff argues that the exclusion only applies to claims for the specific disease asbestosis and not to claims arising from other diseases caused by exposure to asbestos.[2] No specific claims have been tendered to the defendants.[3] Plaintiff appears to request primarily declaratory relief, but argues in

[1] The exclusion states that: "It is agreed that this policy does not apply to any claim alleging an exposure to or the contracting of asbestosis or any liability resulting therefrom. It is further agreed that this policy does not apply to any claim arising out of the insured's membership in the Asbestos Textile Institute."

[2] Diseases arising from exposure to asbestos include mesothelioma, lung cancer and pleural plaques.

[3] Columbia Casualty wrote both a primary and a second-layer excess coverage policy to the plaintiff in 1981, which would provide coverage for asbestos claims if the "asbestosis exclusion" does not apply. American Insurance holds both a "first-layer umbrella" policy and a third-layer excess policy, with the same exclusion. Those

addition that defendants have breached their contract obligations by taking the position that they do not owe coverage for asbestos-related claims. Defendants argue, in contrast, that the "asbestosis exclusion" applies to all asbestos-related diseases and that they therefore have no duty to cover any claims arising out of asbestos exposure. Plaintiff has demanded a jury trial, and defendants moved to strike the jury demand and to bifurcate the trial.[4] The issues have been fully briefed. Oral argument was held on these and other pretrial issues on June 19, 2006.

## I. Motion to Strike Jury Demand

The Seventh Amendment to the United States Constitution preserves a litigant's right to trial by jury. U.S. CONST. AMEND. VII. This right attaches to claims in which, at common law, "legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Ross v. Bernhard*, 396 U.S. 531, 532 (1970) (citing *Parsons v. Bedford, Breedlove & Robeson*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)); *accord Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185 (3d Cir. 1979). In other words, the right attaches to actions at law, but not actions in equity.

To determine whether a claim is in equity or at law, and therefore appropriate for a jury demand, the district court should "look to the substance of the pleadings and not rely

---

policies were all renewed in 1982, and were valid through 1983.

[4] The proposed bifurcation would separate the trial for declaratory relief from the trial on the bad faith claim.

on the labeling used by the litigants." *Owens-Illinois*, 610 F.2d at 1189. When a court finds that there are no legal claims in a lawsuit, "there are no legal issues for purposes of determining the right to a jury trial," *id*. at 1190, and the constitutional right to jury does not attach.

Defendants argue that plaintiff has not shown any facts sufficient to prove damages, a necessary element of a breach of contract claim. *See, e.g. Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999) ("A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.").[5] They therefore argue that plaintiff's claim sounds in equity because the only relief requested is declaratory, and that as a result the jury demand should be stricken.

I find that plaintiff has requested only equitable relief. First, AstenJohnson has not alleged or shown any out-of-pocket expenses as a result of defendants' alleged breach of contract. At the final pre-trial conference, held in chambers, counsel was unable to articulate what damages plaintiff had suffered; during oral argument on the Motion to Strike, counsel was able to characterize the damages suffered only as "millions."[6]

---

[5] I note that in its response to defendants' Motion to Strike, plaintiff characterized its breach of contract claim as a claim of anticipatory breach. Even if plaintiff had properly plead a claim for anticipatory breach, it would still be a breach of contract claim, and would therefore still have to fulfill the requirements for such a claim, which include proof of damages. *See, e.g.* RESTATEMENT OF CONTRACTS § 338 ("The rules for determining the damages recoverable for an anticipatory breach are the same as in the case of a breach at the time fixed for performance.")

[6] Upon further questioning, counsel narrowed his response to "more than six million," but was unable to specify any further. Moreover, the estimate of six million dollars in damages is the amount plaintiff estimates its other insurance carriers have paid out - it is not an amount plaintiff itself has been obligated to pay.

Second, as of two weeks before trial, plaintiff has not offered any witnesses, expert or lay, to testify to specific damages suffered by the plaintiff. No documents or calculations have been offered in discovery or in the Pretrial Memorandum to quantify plaintiff's alleged damages. At best, AstenJohnson's counsel identified a company executive who, presumably, will say that its exposure to asbestos-related claims is significant and that AstenJohnson has suffered some vague, unquantified loss by having to resort to other, alternate sources of insurance.

Under the *Owens-Illinois* standard, then, I find that the substance of plaintiff's claim is in equity. As a result, I will grant the Motion to Strike Jury Demand. An appropriate Order follows.

## II. Motion to Bifurcate Trial

Rule 42(b) of the Federal Rules of Civil Procedure allows a district court to bifurcate a trial in its discretion. Rule 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(b). Whether to bifurcate a trial is a "matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each

instance." *Sprinturf, Inc. v. Southwest Recreational Indus., Inc.*, No. Civ.A.01-7158, 2004 WL 96751, at *1 (E.D. Pa. Jan. 15, 2004) (quoting *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978)). The moving party bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Courts must also consider the Seventh Amendment's guarantee of a fair trial before granting a motion to bifurcate. *See In re Paoli R.R. Yard PCB Lit.*, 113 F.3d 444, 452 n.5 (3d Cir. 1997). In particular, a "separate trial of a particular issue cannot be ordered . . . when the issue is so interwoven with the other issues in the case that it cannot be submitted to the jury independently of the others without confusion and uncertainty that would amount to a denial of a fair trial." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2391 (2d ed. 1995). *See also Paoli*, 113 F.3d at 452 n.5 ("The Seventh Amendment requires that, when a court bifurcates a case, it must divide issues between separate trials in such a way that the same issue is not reexamined by different juries.") (quotations and citations omitted).

If plaintiff is not ultimately successful on its claim for declaratory judgment, there will be no need for evidence to be introduced on the bad faith claim. *See, e.g. Williams v. Hartford Cas. Ins. Co.*, 83 F.3d 567, 574 (E.D. Pa. 2000) ("if there is a reasonable basis for delaying resolution of a claim, . . . there cannot, as a matter of law be bad faith."). If

plaintiff is successful in obtaining declaratory judgment, there will be additional evidence introduced, including expert testimony, on the bad faith claim.[7] Moreover, any evidence of bad faith at trial for the declaratory judgment has the potential to be highly prejudicial to American Insurance, who is not facing a bad faith claim. I find, therefore, that bifurcation will not work a prejudice to any party, and is in the interest of judicial economy. As a result, I will grant the Motion to Bifurcate trial on the claim of bad faith. An appropriate Order follows.

---

[7]A statutory bad faith claim requires a plaintiff to show that "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citations omitted).

**ORDER**

**AND NOW**, this 22nd day of June, 2006, after consideration of Defendant American Insurance Company's Motion to Strike Plaintiff AstenJohnson's Jury Demand (Dkt. # 216), the Motion to Strike Jury Demand and to Bifurcate Trial (Dkt. # 211), all responses thereto and oral argument, it is hereby **ORDERED** that the Motions are **GRANTED**.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.