IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASTENJOHNSON, INC.,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 03- 1552 |
| | : | |
| **COLUMBIA CASUALTY COMPANY et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON FACT ISSUES PURSUANT TO FED. R. Civ. P. 56(d)(1)**

In compliance with the Court's July 21, 2010 Order directing defendants to file a partial summary judgment motion pursuant to Rule 56(d)(1), Defendants American Insurance Company and Columbia Casualty Company (the "Insurers") respectfully move the Court to enter partial summary judgment decreeing that the facts recited in the accompanying Statement of Undisputed Material Facts are not genuinely disputed, and therefore must be treated as established in this action.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Rule 56(d)(1) provides that when a case is not subject to being fully disposed of on summary judgment, the Court should endeavor to utilize the mechanism of partial summary judgment to narrow the scope of factual issues at trial to those that are genuinely in dispute in order to save time and expense and to simplify the trial:

> (1) Establishing Facts.
>
> If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are

> not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts—including items of damages or other relief—are not genuinely at issue. The facts so specified must be treated as established in the action.

*See Mendel v. Home Ins. Co.*, 806 F. Supp. 1206 (E.D. Pa. 1992)(invoking Rule 56(d)(1) to grant partial summary judgment to determine the existence of facts as to which there was no substantial controversy).

Once a moving party has supported a particular material, factual contention with competent evidence, it is incumbent upon the non-moving party to come forward with contrary, competent evidence demonstrating that a genuine issue of material fact exists as to that contention. The non-moving party may not merely restate allegations made in its pleadings or rely upon "self-serving conclusions, unsupported by specific facts in the record." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, the existence of a "mere scintilla of evidence in support of [a] nonmovant's position will be insufficient" to withstand a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).[1]

The accompanying Statement of Undisputed Material Facts are largely drawn from the Court's prior Findings of Fact and Conclusions of Law in this action. The Insurers have endeavored to remove any perceived subjective analysis and to remove any findings that depended upon determinations of the credibility of witnesses, as opposed to being based upon undisputed documentary or testimonial evidence. Binders containing the evidence supporting the Insurers' factual contentions are being submitted for the Court's consideration.[2]

---

[1] Given that the subject matter of this Motion is the determination of undisputed facts on the basis of the evidence submitted by the parties, the Insurers ask the Court's indulgence in omitting a supporting memorandum of law.

[2] AstenJohnson's counsel has agreed that Exhibits AMER660 and AMER660A, which are compendiums of underlying asbestos personal injury complaints filed against Asten, need not be supplied to the Court due to their volume. The Insurers will, of course, provide copies of these exhibits should the Court determine that they are needed for its consideration of this Motion.

Defendants American Insurance Company and Columbia Casualty Company submit that no genuine factual issue exists with respect to the matters set forth in the accompanying Statement of Undisputed Material Facts.  The Insurers therefore respectfully request that this Court grant their motion and enter the form of order submitted herewith deeming these factual contentions as conclusively established in this action.

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/ Jacob C. Cohn
William P. Shelley
Jacob C. Cohn
1900 Market Street
Philadelphia, PA 19103
(215) 665 – 2000

**KOCH & DeMARCO, LLP**

Susan Simpson Brown
Jenkintown Plaza, Suite 460
Jenkintown, Pennsylvania  19046
(215) 881-9931

Attorneys for Defendant, American Insurance Company

/s/ Ronald P. Schiller
Ronald P. Schiller
Jay I. Morstein
Nicole Rosenblum
**HANGLEY, ARONCHICK, SEGAL
& PUDLIN**
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200

Attorneys for Defendant, Columbia Casualty Company

Dated: July 28, 2010