## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASTENJOHNSON, INC.<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA CASUALTY COMPANY, et al.<br><br>Defendants. | NO. 03-CV-1552 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON FACT ISSUES PURSUANT TO FED. R. Civ. P. 56(d)(1)

Plaintiff, AstenJohnson, Inc. ("AJN"), by and through the undersigned counsel, hereby submits this Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment on Fact Issues Pursuant to Fed. R. Civ. P. 56(d)(1).

Defendants' Motion effectively asks this Court to flout the Third Circuit's order of remand. The Third Circuit remanded this action for a jury trial; it ruled that a jury, not this Court, should hear "conflicting testimony about many material facts," should "credit one fact witness over another, as well as one expert over another" and should draw "a host of inferences concerning the motivation of the parties at various stages." AstenJohnson Inc. v. Columbia Cas. Co., 562 F.3d 213, 226 n.5 (3d Cir. 2009). Moreover, the Court explicitly declared that AJN was entitled to a *new* trial. Id. at 230. This is not a situation in which the parties are bound by the facts in a prior lawsuit or an earlier phase of the case and such facts cannot be controverted as a matter of law. See, e.g., Prudential Ins. Co. of Am. v. Prusky, No. Civ.A. 04-462, 2005 WL 3110990, at **3-6 (E.D. Pa. Nov. 17, 2005).

As Defendants freely admit, the facts that they claim are undisputed "are largely drawn from the Court's prior Findings of Fact and Conclusions of Law," handed down after the first trial. Moving Br. at 2. Thus, if this Court declared that those post-trial Findings and Conclusions are undisputed, the jury again would be deprived of the opportunity to review the evidence and testimony for itself. That decision also would deprive AJN, for a second time, of the opportunity to have its case decided by a jury, as Defendants appear to recognize:

> In the three weeks of trial, the Court heard conflicting testimony about many material facts and resolved to credit one fact witness over another, as well as one expert over another. After doing so, it drew a host of inferences concerning the motivation of the parties at various stages. <u>In short, it exercised the functions that Asten was entitled to have a jury exercise</u>.

Id. (emphasis supplied).

Defendants' motion also hinges on the improper use of Rule 56(d) as an independent basis for summary judgment. Such a request is inappropriate under the plain language of Rule 56(d) and has been rejected by numerous courts. Under Rule 56(d)(1), a court should "determine what material facts are not genuinely at issue" "*if summary judgment is not rendered on the whole action*." Fed. R. Civ. P. 56(d)(1) (emphasis added). As the explicit language of the rule states, the determination of material facts not genuinely at issue is not done as an independent request, but only after a properly filed motion for summary judgment under Rule 56(a) or (b) is denied.

Numerous courts have considered this very issue and consistently found that a motion exclusively under Rule 56(d) is improper. See, e.g., Evergreen Int'l, S.A. v. Marinex Constr. Co., Inc., 477 F. Supp. 2d 697, 699 (D.S.C. 2007) ("Rule 56(d) does not authorize independent motions to establish certain facts as true"); Nye v. Roberts, 159 F. Supp. 2d 207, 210 n.2 (D. Md. 2001) ("A party may not bring a motion under [Rule] 56(d) for relief on part of a claim."); City

of Wichita v. United States Gypsum Co., 828 F. Supp. 851, 869 (D. Kan. 1993) (Rule 56(d) "does not authorize an independent motion to establish certain facts as true but merely serves to salvage some constructive result from the judicial effort expended in denying a proper summary judgment motion."); Arado v. General Fire Extinguisher Corp., 626 F. Supp. 506, 509 (N.D. Ill. 1985) ("There is no such thing as an independent motion under Rule 56(d)."). Instead, Rule 56(d) "provides a method whereby a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56's other provisions." Capitol Records, Inc. v. Progress Record Distrib., Inc., 106 F.R.D. 25, 29 (N.D. Ill. 1985). Because Defendants have not sought "summary judgment on all or part of the claim" as required by Rule 56(b), this Motion is baseless and should be denied as procedurally defective.

In addition to asking the Court to ignore the directions of the Third Circuit and grant a motion improperly based on Rule 56(d), Defendants also have submitted a faulty Statement of Undisputed Material Facts ("Defendants' Proposed Findings"). The vast majority of the "facts" in Defendants' Proposed Findings are not the type of neutral, incontrovertible facts that lend themselves to pre-trial stipulations or orders, or that will help to narrow the issues for trial. To the contrary, Defendants' Proposed Findings would complicate the trial. Such a document could not – and should not – substitute for the presentation to the jury of key witnesses and documents. In fact, even if the Court granted Defendants' Motion, there would be no easy or logical way of presenting Defendants' Proposed Findings to the jury. Defendants do not even attempt to explain how the Proposed Findings would be used at trial. It appears that the Defendants are proposing that snippets of witness testimony be used in lieu of live testimony, and quotes from documents instead of the full documents. It would be more daunting and problematic to read the

entire 36-page document into the record than to allow the jury to evaluate the actual evidence and testimony for itself.

Defendants' Proposed Findings also suffer from the following serious flaws:

- Defendants devote approximately 11 pages to selective quotations from the trial testimony of three witnesses: James A. Young, AJN's national coordinating defense counsel; William Finn, formerly AJN's CEO and a member of its Board of Directors; and Gloria D. Forbes, an insurance agent for Babb Inc., which served simultaneously as AJN's retail broker and as an agent for Defendant American Insurance Company.  But all three of these witnesses likely will be called to testify anyway at the upcoming trial – AJN expects to call all three in its direct case.  Thus, if adopted, Defendants' Proposed Findings would be more likely to complicate the upcoming trial than to shorten it.

- Defendants spend approximately five pages characterizing six exhibits: CCC1-4, 18 and 20.  Yet most, if not all, of those exhibits will be offered into evidence regardless.  It would be much more efficient, and a more reliable trial technique, to simply show the actual exhibits to the jury.

- Defendants litter their Proposed Findings with opinions as opposed to facts.  For example, Paragraph 163 states that one witness died "before his deposition could be taken." The word "could" is judgmental and wrong.  While it is true that the witness died before his deposition was taken, his deposition certainly "could" have been taken before that time.  That paragraph conveniently omits that Defendants waited fifteen months before attempting to notice this

    deposition, and that additional months passed before the witness died. (CCC219A, CCC221.).

- Defendants omit important facts.  For example, their selective quotations from Ms. Forbes' testimony do not include her admission that she did not have a clear understanding in the early 1980s, or even today, of exactly what "asbestosis" meant.  (See Dep. Tr., June 28, 2004, at 97-98.)  It also did not include that, unlike Ms. Forbes, the parties themselves – AJN, Columbia and American – understood this word.  Specifically, they knew by the early 1980s that asbestosis was a specific disease and was one of several asbestos-related diseases.  (See, e.g., Dep. Tr. of Laurence A. Krupnick, March 23, 2005, at 73-75; Tr. 7/11/06 Young 89:21-92:19; AMER168, P222, P237, P234, Tr. 9/26/06 Jordan 6:8-6:12, P42, P242, P246, P253, P257, P261, P262.).

Attached hereto as Exhibit A is a Counterstatement of Facts by AJN ("Plaintiff's Counterstatement of Facts).  The Counterstatement of Facts demonstrates the flaws in the one-sided submission by the Defendants and includes many facts that are missing from Defendants' version, such as the following:

- In the latter half of the 1980-81 policy period, the primary insurance company sold, and American followed form to, a very limited asbestos-related exclusion: one that barred coverage only for claims arising out of AJN's affiliation with the Asbestos Textile Institute ("ATI").  (AMER00446; AMER00752.)

- In 1981, AJN was willing to continue with that limited exclusion, either alone or in combination with a "large deductible including costs and expense on claims arising from asbestos."  (Trial Ex. CCC4; see also CCC2.)

- Columbia agreed to sell coverage to AJN with a high deductible, along with an exclusion for both ATI claims and asbestosis exclusions. (CCC9, CCC10.) If that exclusion was absolute, in that it barred coverage for all asbestos-related diseases, there would have been no reason to include the high deductible and the exclusion specific to ATI claims.

- As a practical matter, the high deductible that AJN was prepared to purchase and that Columbia sold substantially reduced or eliminated any need for an exclusion. (See Trial Ex. P209 at 22-23; Tr. 9/20/06 Connolly 45:25-47:17; 73:20-74:16.) The Columbia primary policy contained a $2,500 deductible inclusive of defense costs. (Trial Ex. CCC277.) At that time, AJN's asbestos-related defense costs were running $300 per claim (CCC2) and the lawsuits were ending in dismissals without payment (AMER348).

- AJN filed this coverage action on the very same day that it filed its coverage action against the pre-1981 insurance companies: March 13, 2003. See AstenJohnson, Inc. v. Columbia Cas. Co. et al., Case 2:03-cv-01552-LS (E.D. Pa., filed March 13, 2003) (Docket No 1); AstenJohnson, Inc. v. Allstate Ins. Co., et. al., Case 2:03-cv-01555-LDD (E.D. Pa., filed March 13, 2003) (Docket No. 1). This fact refutes Defendants' claim that AJN waited 20 years to file this lawsuit because it knew the asbestosis exclusion precluded a claim for coverage. That reasoning cannot apply since AJN also waited 20 years to file the lawsuit against the pre-1981 insurance companies, which provided coverage without an asbestosis exclusion. As AJN has stated, the simple reason for the timing of these lawsuits was the exhaustion of the pre-1981 primary coverage.

The Court directed the parties to try to reach agreement as to a stipulation of facts instead of using requests to admit. Instead of attempting in good faith to reach agreement on a legitimate stipulation, Defendants submitted their Proposed Findings to AJN knowing AJN would never agree to it. AJN, however, does not suggest that every fact is disputed and needs to be tried. To the contrary, AJN has prepared a Proposed Stipulation of Undisputed Facts that identifies facts that AJN believes to be undisputed and does not involve weighing, drawing inferences, credibility or the exercise of judgment. See Ex. B.

For all of these reasons, AJN submits that this Court should deny Defendants' Motion and order that the parties work towards adopting a stipulation of facts, as the Court had previously directed.

Respectfully submitted,

Dated: August 11, 2010

/s/ Michael Conley
Michael Conley, Esq. (I.D. No. 54142)
OFFIT KURMAN
Three Parkway
1601 Cherry Street, Suite 1300
Philadelphia, PA 19102
(267) 338-1300

Rhonda D. Orin, Esq.
ANDERSON KILL & OLICK
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Phone: 202-416-6500
Fax: 202-416-6555
Email: rorin@andersonkill.com

Robert C. Heim, Esquire
Alexander R. Bilus, Esquire
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Phone: 215-994-4000

Fax:  215-994-2222
Email:  robert.heim@dechert.com
       sandy.bilus@dechert.com

**ATTORNEYS FOR PLAINTIFF,
ASTENJOHNSON, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2010, I served Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment on Fact Issues Pursuant to Fed. R. Civ. P. 56(d)(1) through the ECF filing system on the following:

Ronald P. Schiller, Esquire
Jay I. Morstein, Esquire
Nicole J. Rosenblum, Esquire
HANGLEY ARONCHICK SEGAL
    & PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA  19103
Phone:  215-496-1020
Fax:  215-851-1020
Email: rps@hangley.com
    njr@hangley.com
    jim@hangley.com
**ATTORNEYS FOR DEFENDANT,
COLUMBIA CASUALTY COMPANY**

Robert C. Heim, Esquire
Alexander R. Bilus, Esquire
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
Phone:  215-994-4000
Fax:  215-994-2222
Email:  robert.heim@dechert.com
    sandy.bilus@dechert.com
**ATTORNEYS FOR PLAINTIFF,
ASTENJOHNSON, INC.**

Jacob C. Cohen, Esquire
William P. Shelley. Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
Phone:  215-665-2147
Fax: 215-701-2347
Email:  jcohn@cozen.com
    wshelley@cozen.com

Susan Simpson Brown, Esquire
Wendy H. Koch, Esquire
KOCH AND CORBOY
101 Greenwood Avenue, #460
Jenkintown, PA  19046
Phone:  215-881-9931
Fax:  215-881-2200
Email:  sbrown@kochdemarco.com
    wkoch@kochdemarco.com
**ATTORNEYS FOR DEFENDANT,
AMERICAN INSURANCE COMPANY**

Rhonda D. Orin, Esquire
ANDERSON KILL & OLICK, LLP
1717 Pennsylvania Ave., NW, Suite 200
Washington, DC  20006
Phone: 202-416-6549
Fax:  202-416-6555
Email:  rorin@andersonkill.com
**ATTORNEYS FOR PLAINTIFF,
ASTENJOHNSON, INC.**


/s/  Michael Conley_____
Michael Conley, Esq.


# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASTENJOHNSON, INC. | |
| Plaintiff, | NO. 03-CV-1552 |
| v. | |
| COLUMBIA CASUALTY COMPANY, et al. | |
| Defendants. | |

## CERTIFICATE OF WILLIAM H. PILLSBURY, ESQ.

I, William H. Pillsbury, hereby certify that true and correct copies of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment on Fact Issues Pursuant to Fed. R. Civ. P. 56(d)(1), along with Exhibits A and B thereto, were caused to be filed with the court electronically on August 11, 2010.

The documents referenced in Exhibits A and B were not filed electronically, due to the volume of pages. True and correct copies of the documents referenced in Exhibits A and B are on compact discs that were forwarded by overnight mail to Chambers and counsel of record in this matter, along with a hard copy of the Opposition and Exhibits.

Dated: August 11, 2010                              /s/ William H. Pillsbury