**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ASTENJOHNSON, INC.

Plaintiff,

v.

COLUMBIA CASUALTY COMPANY, et al.

Defendants.

NO. 03-CV-1552

**PROPOSED STIPULATION OF UNDISPUTED FACTS**

**OFFIT KURMAN**
MICHAEL CONLEY, ESQ. (I.D. No. 54142)

Attorneys for Plaintiff
AstenJohnson, Inc.

Plaintiff, AstenJohnson, Inc. ("AJN"), by and through its undersigned counsel, submits this Proposed Stipulation of Undisputed Facts.

## FINDINGS OF FACT

### I. PARTIES

1. AJN is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4399 Corporate Road, Charleston, South Carolina. From at least 1957 until 1983, AJN was headquartered in Devon and Philadelphia, Pennsylvania, and engaged in the manufacture and distribution of products for the paper industry, including for a period of time, chrysotile asbestos containing dryer fabrics for use in paper machines.

2. AJN is the successor-in-interest to all of the entities listed as named insureds in the insurance policies in this lawsuit.

3. Defendant Columbia Casualty Company ("Columbia") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at CNA Plaza, Chicago, Illinois. At all times relevant hereto, Columbia is and was licensed to transact business in the Commonwealth of Pennsylvania as a surplus lines insurance company, and Columbia does and did transact business in the Commonwealth of Pennsylvania. Columbia is part of the CNA group of insurance companies.

4. Defendant American Insurance Company ("American") is an insurance company organized and existing under the laws of the State of Nebraska with its principal place of business at 777 San Marin Drive, Novato, California 94998. At all times relevant hereto, American is and was licensed to transact business in the Commonwealth of Pennsylvania, and

American does and did transact business in the Commonwealth of Pennsylvania.  American is part of the Fireman's Fund group of insurance companies.

## II.     INSURANCE POLICIES AT ISSUE

### A.     BACKGROUND

1. For the policy periods from April 1, 1981 through October 1, 1983, AJN purchased four liability insurance policies from Columbia and three liability insurance policies from American as identified below.

2. The Columbia policies contained identical endorsement captioned, "Asbestosis Exclusion."

3. The Asbestosis Exclusion is ambiguous.

### B.     THE COLUMBIA POLICIES

5. Trial Ex. CCC277 is a true and correct copy of a one-year primary-layer comprehensive general liability insurance policy that Columbia sold to AJN, Policy No. CCP1866001, covering the period between April 1, 1981 and April 1, 1982.

6. Trial Ex. CCC45 is a true and correct copy of an Excess Third Party Liability Policy that Columbia sold to AJN, Policy No. RDX4170207 for April 1, 1981 to April 1, 1982, with that same exclusion.  (CCC45 at 00011; Tr. 9/18/06 Gibson 69:1–69:6).

7. Trial Ex. CCC229 is a true and correct copy of a comprehensive general liability policy that Columbia sold to AJN, Policy No. CCP 1866110, for the period between April 1, 1982 and October 1, 1983, with that same exclusion.

8. Trial Ex. CCC22 is a true and correct copy of an Excess Third Party Liability Policy that Columbia sold to AJN, Policy No. RDX9176120 for April 1, 1982 to October 1, 1983, with that same exclusion.

**C. THE AMERICAN POLICIES**

9. Trial Ex. AMER30 is a true and correct copy of a blanket excess liability policy, Policy No. XLB1468446, that American sold to AJN for the policy period from April 1, 1981 through April 1, 1982.2 with $10,000,000 annual indemnity limits excess to a $1,000,000 primary policy sold by Columbia.

10. Trial Ex. AMER64 is a true and correct copy of a blanket excess liability policy, Policy No. XLB1521308, that American sold to AJN for the policy period in effect from April 1, 1982 through October 1, 1983.

11. Trial Ex. AMER53 is a true and correct copy of a blanket excess liability policy, Policy No. XLX 148 11 21, that American sold to AJN for the policy period April 1, 1982 to October 1, 1983.

**III. PRE-1981 INSURANCE POLICIES**

12. Trial Ex. AMER10 is a true and correct copy of a comprehensive general liability insurance policy, Policy No. GLA650-19-81, that Commerce & Industry Ins. Co. sold to AJN for the policy period April 1, 1979 to April 1, 1980.

13. Trial Ex. AMER8 is a true and correct copy of a blanket excess liability policy, Policy No. XLB1330730, that American sold to AJN for the policy period April 1, 1979 to April 1, 1980.

14. The document bates-numbered AMER00736-767 is a true and correct copy from American's files of a comprehensive general liability insurance policy, Policy No.Cl-86-381-005725, that Argonaut Insurance Company sold to AJN for the policy period April 1, 1980 to April 1, 1981.

15. Trial Ex. AMER17 is a true and correct copy of a blanket excess liability policy, Policy No. XLB1426978, that American sold to AJN for the policy period April 1, 1980 through April 1, 1981.

16. Trial Ex. AMER615 at AMER0446 is a true and correct copy of an endorsement that American produced from its files.

17. None of the primary or excess liability insurance policies that AJN had purchased prior to 1980 contained asbestos-related exclusions.

## IV. OTHER ASBESTOS-RELATED EXCLUSIONS.

18. Trial Ex. P96 is a true and correct copy of a liability policy, Policy Number XLB 1425518, covering the period June 15, 1981 to April 1, 1982, that Fireman's Fund sold to Asten Hill, Inc., a Canadian affiliate of the plaintiff that purchased insurance separately from AJN.

19. Trial Ex. P97 is a true and correct copy of a liability policy, Policy Number CA 00626, covering the period April 1, 1982 to April 1, 1983, that Fireman's Fund sold to Asten Hill, Inc.

20. Trial Ex. P98 is a true and correct copy of a liability policy, Policy Number XLB 142 55 63, covering the period April 1, 1982 to April 1, 1983, that Fireman's Fund sold to Asten Hill, Inc.

21. Trial Ex. ___ is a true and correct copy of a liability policy, Policy Number XLX 148 16 98, covering the period March 15, 1982 to March 15, 1983, that Fireman's Fund sold to ASARCO Inc. (To be provided upon approval of Court).

22. Trial Ex. ____ is a true and correct copy of a liability policy, Policy Number XLX 153 47 73, covering the period March 15, 1983 to March 15, 1984, that Fireman's Fund sold to ASARCO Inc. (To be provided upon approval of Court).

23. Trial Ex. ___ is a true and correct copy of a liability policy, Policy Number XLX 153 47 74, covering the period March 15, 1983 to March 15, 1984, that Fireman's Fund sold to ASARCO Inc. (To be provided upon approval of Court).

24. Trial Ex. P222 is a true and correct copy of a declarations page and an endorsement found in liability policy, Policy Number 004754854 that a CNA company sold to H.K. Porter Company, Inc. for the policy period May, 1 1979 to May 1, 1982.

25. Trial Exs. P210-233 are true and correct copies of asbestos-related exclusions sold by the defendant insurance companies, their affiliates and others.

## IV. OTHER COVERAGE ACTIONS FILED BY ASTEN

26. Trial Ex. P130 is a true and correct copy of a complaint filed by AJN in 1980 against its primary insurance companies.

27. That action was settled in 1994, with the insurance companies agreeing to pay $21.2 million in policy limits plus defense outside of limits.

28. Trial Ex. P269 is a coverage lawsuit that AJN filed on March 13, 2003 against its pre-1981 excess insurance companies.

29. That action was settled in 2003, with the insurance companies agreeing to pay $47 million in policy limits plus defense outside of limits.

30. Trial Ex. AMER123 is the complaint in this coverage lawsuit that AJN filed on March 13, 2003 against its post-1981 insurance companies.

## V. WITNESSES AND DOCUMENTS

31. Former AJN Treasurer John Flynn was responsible for the procuring of insurance in the early 1980s, including 1981 and 1982.

32. Mr. Flynn died around 1986.

33. Stanley Blaustein, a broker at Delaware Valley Underwriting Association ("DVUA"), served as Columbia's broker in connection with the sale of insurance policies to AJN in 1981 and 1982.

34. Mr. Blaustein died in 2005.

35. Former AJN employee Gerald Chapman was responsible for communicating with insurance companies about insurance claims in the mid-1980s.

36. Mr. Chapman has been wholly incapacitated by a brain tumor since 2005.

37. David Sayles, who worked for Columbia as an underwriter from 1976 through February 1982, has no recollection of AJN.

38. Mort Zelman, who worked for Columbia as an underwriter from approximately 1977 through 1984, has no recollection of AJN.

39. Babb was an insurance agency that served simultaneously at that time as Asten's retail broker and American's agent.

40. Gloria DiGregorio Forbes, who worked for Babb, Inc. as an account manager from February 1979 until April 1985, has no recollection of placing insurance policies for Asten.

41. Ms. Forbes has no recollection of any of the Columbia policies, any of the American policies, any of the applications pertaining to those policies, any of the binders or confirmations of coverage or the Asbestosis Exclusion in any of the policies, or any discussions about these matters with anyone at Babb, Asten, DVUA. Columbia, American or Fireman's Fund.

42. Trial Ex. CCC221 is DVUA's response to a subpoena that it received in this action, seeking the production of documents..

43. Trial Ex. CCC259 is Babb's response to a subpoena that it received in this action, seeking the production of documents.

44. Any document generated or received by a party in the ordinary course of its business and produced in this action is an authentic copy of a business record of the party that generated or received that document, admissible into evidence for the truth of the matter asserted under one or more hearsay exceptions, unless its admissibility is challenged by a party prior to a court ruling admitting the document into evidence.

Respectfully submitted,

DATED: August 11, 2010

_/s/ Michael Conley_______________________
MICHAEL CONLEY, ESQ. (I.D. No. 54142)
**OFFIT KURMAN**
Attorneys for Plaintiff