IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASTENJOHNSON, INC. | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 03-1552 |
| | : | |
| COLUMBIA CASUALTY CO., et al., | : | |
| Defendants | : | |

**O R D E R**

**AND NOW**, this 16th day of August, 2010, upon consideration of American

Insurance Company's partial joiner in Columbia Casualty Company's motion for summary

judgment and cross motion for summary judgment on grounds of equitable estoppel (Doc. # 359)

and AstenJohnson, Inc.'s response thereto (Doc. # 367), it is hereby ORDERED that American's

cross motion for summary judgment on grounds of equitable estoppel is hereby DENIED.[1]

BY THE COURT:

/s/ LAWRENCE F. STENGEL
LAWRENCE F. STENGEL, J.

---

[1] To establish equitable estoppel, a party must establish "inducement and
justifiable reliance on that inducement." Novelty Knitting Mills, Inc. v. Siskind, 457 A.2d 502,
503 (Pa. 1983). Inducement and justifiably reliance must be established "by clear, precise, and
unequivocal evidence." Id. at 504 (quoting Blofsen v. Cutaiar, 333 A.2d 841 (Pa. 1975)).
American claims it did not reference the primary policy with which its policy followed form to
determine the extent of the asbestos exclusion. Instead, it relied on: (1) the statements of Gloria
Forbes who "would have provided the same information to American as [she] provided to"
Asten, i.e., the "coverage excludes Asbestos Products and Asbestos Textile Institute"; (2) a 1983
letter from Ms. Forbes, sent a year after the initial policy, stating American's policy excluded
asbestos; (3) the renewal application attached to the 1983 letter which, among other statements,
stated "Excludes Asbestos Related Claims" under "Additional Exposures"; and (4) a letter from
Asten's counsel, also attached to the 1983 letter, describing the asbestos litigation against Asten
and the progress of the 1980 insurance coverage action against Asten's pre-1981 primary
insurance carriers. These contentions do not establish by clear, precise and unequivocal evidence
that American was induced by statements made by Asten or justifiably relied on any such
inducement.