# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASTENJOHNSON, INC.,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 03-1552 |
| | : | |
| **COLUMBIA CASUALTY CO., et al.,** | : | |
| Defendants | : | |

# O R D E R

**AND NOW**, this 2nd day of February, 2006, after consideration of Motion in *Limine* to Preclude AstenJohnson, Inc. from Presenting Argument or Evidence Concerning Columbia's Alleged Failure to Obtain Approval from the Pennsylvania Department of Insurance for the Subject Asbestosis Exclusion, (Dkt. #165), American Insurance Company's Motion in *Limine* re Regulatory Approval of Policy Forms (Dkt. #162), and all responses thereto, it is hereby **ORDERED** that the Motions are **GRANTED**.[1]

---

[1] AstenJohnson alleges that the asbestosis exclusion in the 1981 policy is void because Columbia (and American) never submitted it to the Insurance Commissioner for approval, which is required under 40 PA. STAT. ANN. § 477b, which requires all "contracts of insurance, or use applications, riders, or endorsements . . . [to be] submitted to and formally approved by the Insurance Commissioner."  For the following reasons, I will grant the Defendants' Motions in *Limine*.
  First,  § 477b does not provide for a private cause of action.  40 PA. STAT. § 477b; *see also Magner v. Associated Ins. Cos., Inc.* 1995 WL 29045, *7, No. 93-1932 (E.D.Pa. 1995) (Hutton, J.) ("Pennsylvania does not recognize a private cause of action for violation of 40 P.S. §477b").   Second, § 477b on its face does not call for invalidation of a clause in an insurance contract for violation of the section. *See Cinkutis v. Confederation Life Ins. Co.*, 1990 WL 161260, No. 89-8354 (E.D.Pa. 1990) (O'Neill, J.); *Butler v. Bankers Mutual Fire Ins. Co.*, 76 Pa. D. & C. 352 (Lackawanna Cty. 1951).  Indeed, there is no case law in which an insurance contract was invalidated, in part or in whole, as the result of a failure to garner Commission

BY THE COURT:


   /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

approval.

     AstenJohnson also makes a twofold "public policy" argument. First, it argues that even if the asbestosis exclusion had been submitted for approval, it would not have been approved by the Commission as a matter of public policy. However, even if the Insurance Commissioner had had a policy of not approving asbestos exclusions, courts have held that the Commissioner is not an arbiter of public policy. *Ellison v. Safeguard Mutual Ins. Co.*, 209 Pa. Super. 492, 496-97 (1967) (where the legislature failed to include an arbitration requirement in an insurance regulation, "neither the executive nor the judiciary may under the guise of interpretation or public policy apply it."). Second, AstenJohnson argues that the court could invalidate the clause on public policy grounds, even if the clause were otherwise valid. The only cases cited for the proposition that a court can invalidate a clause in an insurance contract on public policy grounds, however, were cases in which the clause in question violated another clause of the Insurance Code. *See, e.g. Richmond v. Prudential Property and Casualty Ins. Co.*, 2004 Pa. Super. 328 (2004). Accordingly, allegations that a contract is contrary to public policy must be supported by legislative action, in order to be sufficient to merit judicial invalidation. *See Burstein v. Prudential Prop. and Casualty Ins. Co.*, 570 Pa. 177, 183 (2002) ("In the absence of a plain indication of that policy through long governmental practice or statutory enactments, or of obvious ethical or moral standards, the Court should not assume to declare contracts . . . contrary to public policy. The courts must be content to await legislative action."). I do not find any circumstances here that merit invalidation. Therefore I will grant Defendants' Motions in *Limine* to exclude evidence of the alleged failure to submit the asbestosis exclusion to the Pennsylvania Insurance Commission.