# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASTENJOHNSON,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 03-1552 |
| | : | |
| **COLUMBIA CASUALTY CO., et al.,** | : | |
| **Defendants** | : | |

# ORDER

**AND NOW**, this 22nd day of June, 2006, after consideration of the numerous Motions in Limine filed by the parties, any responses thereto and oral argument, it is hereby **ORDERED** that:

1.  Plaintiff's Motion in Limine to Preclude Defendants from Introducing Any So-Called Trade Custom or Usage Evidence Regarding the Term "Asbestosis" for Failure to Meet Their Evidentiary Burden (Dkt. # 174) is **DENIED**;

2.  Plaintiff's Motion to Preclude Inadmissible So-Called Custom and Usage Evidence (Dkt. # 171) is **DENIED**;

3.  Columbia Casualty's Motion in Limine to Preclude AJN from Presenting Argument or Evidence Concerning AJN's Understanding or Intent Regarding the Scope of the Asbestosis Exclusion, Except as Testified by Gloria Forbes (Dkt. # 175) is **DENIED**;

4.  American Insurance's Motion to Preclude AJN from Introducing any Evidence of AJN's Undisclosed Intent as to the Meaning of the Asbestos Exclusion in its Policies with Columbia and American (Dkt. # 166) is **DENIED**;

1

5. Columbia Casualty's Motion to Preclude Introduction of Evidence that Babb Was Not AJN's Agent for Purposes of Procuring the Subject Columbia Policies (Dkt. # 164) is **DENIED**;

6. Columbia Casualty's Motion in Limine to Preclude AJN from Introducing David Sayles' Deposition Testimony in Another Proceeding (Dkt. # 170) is **GRANTED**;

7. American Insurance's Motion to Preclude Certain Testimony of James A. Young (Dkt. # 163) is **DENIED**;

8. American Insurance's Motion to Preclude Certain Testimony of James Gibson (Dkt. # 161) is **DENIED**;

9. Columbia Casualty's Motion to Preclude Testimony that at Least 153 of AJN's Pre-1981 Underlying Asbestos Claims Were Not Products Liability Complaints (Dkt. # 167) is **DENIED**;

10. Plaintiff's Motion to Preclude the Expert Testimony of Brian Gagan (Dkt. # 135) is **DENIED**;

11. Plaintiff's Motion to Preclude Columbia Casualty And American from Proffering Testimony of Witnesses Lacking Personal Knowledge (Dkt.# 136) is **DENIED**;

12. Plaintiff's Motion to Preclude the Expert Testimony of Alan D. Windt (Dkt. # 134) is **DENIED**;

13. American Insurance's Motion to Exclude Documents Regarding General Knowledge of Asbestos (Dkt. # 169) is **GRANTED**;

14. Columbia Casualty's Motion to Incorporate By Reference All Motions in Limine Filed by Defendant American Insurance Company (Dkt. # 177) is **GRANTED**;

15. American Insurance's Motion to Exclude the Testimony of Barry L. Katz, Esq., or in the Alternative, to Obtain Leave of Court to Conduct Discovery Relating to Mr. Katz's Testimony, Including Deposing the Witness Prior to Trial (Dkt. # 242) is **DENIED**. Within five (5) days of the entry of this Order, plaintiff shall provide to the defendants its summary of all facts and opinions to which Mr. Katz is expected to testify. The parties may argue the relevance of this testimony at trial.

16. Plaintiff's Motion to Preclude the Introduction of Evidence from *In re Asbestos Insurance Coverage Cases* (Dkt. #141) is **GRANTED** except insofar as the evidence is to be used for impeachment purposes;

17. American Insurance's Motion for Written Jury Questionnaire (Dkt. #217) is **DENIED** as moot.

BY THE COURT:

   /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.